WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Jay Karpin,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-13-02375-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 16). On March 5, 2015, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Amended Petition be denied. (Doc. 43).

**A.  LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

[Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

In this case, Petitioner filed objections to the R&R; accordingly, the Court will review the objected to recommendations de novo.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Also, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

**B.    OBJECTIONS**

**1.    Pro se interference claim**

In his Objections, Petitioner argues that his "pro se interference claim" was exhausted before the state courts; or alternatively, if it was not, his failure to exhaust should be excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as a result of his appellate counsel's ineffective assistance if that counsel failed to raise this claim on direct appeal.

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

- 2 -

In the R&R, the Magistrate Judge concludes that this claim was not exhausted in state court. Doc. 43 at 24. The R&R further concludes that this claim has been procedurally defaulted in state court at this time. *Id.* at 25-26. Finally the R&R concludes that Petitioner has not shown cause and prejudice to overcome this procedural default, nor a fundamental miscarriage of justice. *Id.* at 26.

In his objections, Petitioner argues that this claim was either directly exhausted, or sufficiently related to an exhausted claim that it should be deemed exhausted. Doc. 51 at 3-5. With regard to directly exhausting, Petitioner argues that he raised this claim in his Rule 32 Petition for Post-Conviction Relief before the state court, citing Exhibit II.

Exhibit II is Petitioner's Petition for Post-Conviction relief, which spans 144 pages, including exhibits (some of which appear to be duplicates). Doc 25-4 starting at page 32. While Petitioner is correct that some of his over 100 pages of exhibits perhaps support his pro se interference claim, this Court does not see where that claim was labeled as such specifically to the post-conviction relief court. Further, when Petitioner filed his Petition for Review of the denial of his Petition for Post-Conviction Relief with the Arizona Court of Appeals, he did not list a pro se interference claim as a claim raised in his Rule 32 Petition. *See* Doc. 25-6 at 1-3. Consistent with Petitioner's Petition for Post-Conviction Relief and his Petition for Review with the Arizona Court of Appeals, the Arizona Court of Appeals did not address a pro se interference claim. Doc. 25-6 at 47-52. On this record, this Court agrees with the R&R that Petitioner's pro se interference claim was not raised to the state courts directly. *See* Doc. 43 at 24.

Next Petitioner argues that under *Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th 2004), the claims he raised in his Petition for Post-Conviction relief were sufficiently related to his pro se interference claim that this Court should deem them exhausted. Doc. 51 at 4. This Court agrees with the R&R that while some of the underlying facts are the same, this legal theory was never presented to the state courts, and is not exhausted. *See* Doc. 43 at 25.

Finally, Petitioner argues that if his pro se interference claim is not exhausted, his failure to exhaust should be excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Specifically, Petitioner argues that his failure to exhaust this claim was due to the ineffective assistance of his appellate counsel in failing to raise it on direct appeal; and ineffective assistance of his post-conviction relief counsel for failing to raise the ineffective assistance of appellate counsel in the Rule 32 Petition for Post-Conviction Relief. Doc. 51 at 5-8.

At pages 17 and 18, the R&R discussed when a *Martinez* claim can excuse the procedural default of ineffective assistance of counsel claims in state court. However, the R&R failed to analyze any of Petitioner's defaulted claims under *Martinez*.

As this Court has previously stated, *Martinez* (although the opinion suggests otherwise) requires this Court to reach the merits of every claim that is defaulted when the Petitioner claims the default was based on ineffective assistance of counsel. *Saenz v. Van Winkle*, CV-13-77-PHX-JAT at 4 (D. Ariz. July 2, 2014); *Martinez v. Ryan*, 2012 WL 5936566, *2-3 (D. Ariz. Nov. 27, 2102) (holding that for this Court to consider the three steps required to excuse procedural default articulated in the *Martinez* Supreme Court decision, this Court must begin with a review of whether trial or appellate counsel was ineffective, rather than whether PCR counsel was ineffective).[2] Thus, because the Court must consider Petitioner's effective assistance of appellate counsel claim by determining whether Petitioner's pro se interference claim was meritorious such that appellate counsel should have raised it, the Court will first turn to the merits of the pro se interference claim.

Petitioner's theory of his pro se interference claim is best summarized by

---

[2] In *Saenz*, this Court stated "…exhaustion within the state courts is no longer required for any substantial claim, because it would always be excused by counsel's failure to raise it. Thus, the end result is that this Court must always consider the "merits" of every claim raised by every petitioner if the petitioner also raises ineffectiveness of appellate counsel or post-conviction-relief counsel. It is not clear to this Court that the end of the exhaustion requirement was the intent of the Supreme Court in *Martinez*, but it is nonetheless the practical result." *Saenz v. Van Winkle*, CV-13-77-PHX-JAT at 4 (D. Ariz. July 2, 2014)

- 4 -

*McKaskle* as follows:

> [T]he *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the *Faretta* right. If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance, the *Faretta* right is eroded.

*McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984) (referencing *Faretta v. California*, 422 U.S. 806 (1975)).

However,

> Once a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that he be allowed to go it alone. *McKaskle,* 465 U.S. at 183, 104 S.Ct. at 953–54; *United States v. Lorick,* 753 F.2d 1295, 1298–99 (4th Cir.), *cert. denied,* 471 U.S. 1107, 105 S.Ct. 2342, 85 L.Ed.2d 857 (1985).

*Savage v. Estelle*, 924 F.2d 1459, 1463 n. 7 (9th Cir. 1990).

In this case, Petitioner had his standby counsel question him when he was on the stand at trial. Doc. 43 at 23. Petitioner now claims that his standby counsel asked questions other than the questions Petitioner wanted him to ask. Doc. 51 at 11. Petitioner has gone through the transcript of his questioning and circled at least 50 questions that he now claims were not the questions he wanted to have asked. Doc. 25-4 at 41-62 (attachments to Petitioner's Petition for Post-Conviction relief in state court).

As both *McKaskle* and *Savage* require, for Petitioner to make a pro se interference claim, he must object <u>with the trial court</u> that his advisory counsel is exceeding the scope of what Petitioner has agreed he can do. In this case, the Court has reviewed the transcript and does not see that Petitioner raised this concern in any way with the trial court at the time his advisory counsel allegedly asked all these questions that were not what Petitioner wanted him to ask.[3] Because Petitioner failed to raise this argument contemporaneously, the argument had no merit on appeal.

---

[3] Further, Petitioner had this same counsel represent him at sentencing with no objection. *See* Doc. 25-6 at 51, n.2.

Because Petitioner's pro se interference claim fails on the merits, Petitioner's appellate counsel was not ineffective for failing to raise it on direct appeal. Accordingly, this claim is not substantial; thus, Petitioner's procedural default of this claim is not excused under *Martinez*.

## 2. Ineffective Assistance of Counsel

Petitioner's claim that advisory/sentencing counsel was ineffective was raised before the Arizona Courts in Petitioner's Petition for Post-Conviction relief. As discussed above, as to any claim exhausted before the state courts, this Court can only grant habeas relief if the "state court decision [was] contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

First, if a defendant elects to waive counsel, but the court nonetheless appoints stand by counsel or advisory counsel, there is no constitutional right to effective assistance from waived counsel. *Cf. Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) (A defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.). Therefore, to the extent Petitioner is attempting to make an ineffective assistance of counsel argument regarding advisory counsel, the claim fails.

Second, regarding counsel's performance at sentencing,[4] this Court has reviewed the Arizona Court of Appeals opinion (Doc. 25-6 at 51) and finds that the Court's decision is not contrary to, nor does it involve an unreasonable application of federal law. Nor was the decision based on an unreasonable determination of the facts. Further, Petitioner does not argue that the state court's decision involved any such deficiency. Instead, Petitioner argues that he has newly discovered evidence that he wishes to present to this Court on his ineffective assistance of counsel claim. Doc. 51 at 10, 12.

---

[4] For purposes of sentencing, Petitioner was no longer pro se and was represented by counsel. Doc. 25-6 at 51 n. 2.

- 6 -

This Court will not consider this additional evidence because,

> Along with the significant deference AEDPA requires us to afford state courts' decisions, AEDPA also restricts the scope of the evidence that we can rely on in the normal course of discharging our responsibilities under § 2254(d)(1). Under § 2254(d)(1), our review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster,* 131 S.Ct. at 1398. Thus, AEDPA's "backward-looking language requires an examination of the state-court decision at the time it was made. It [then logically] follows that the record under review is limited to the record in existence at that same time, *i.e.,* the record before the state court." *Id.*

*Murray v. Schriro*, 745 F.3d 984, 998 (9th Cir. 2014).

Accordingly, the Court overrules the objections on this claim (which appears to be part of claim six of the Amended Petition (Doc. 16 at 22)) and denies relief.

### 3. Other objections

In his objections, Petitioner also raises the following (the quoted portions below are Petitioner's entire objection as to each claim):

> Claim 2: Objection. Urbano's testimony did violate the 5th, 6th and 14th amendments because he was prior counsel and his testimony contained inferences adverse to the presumption of evidence [*sic*].

Doc. 51 at 13.

The Court has reviewed the R&R at 27 de novo on this claim and overrules this objection. Accordingly, the Court accepts and adopts the R&R on Claim 2.

> Claim 3: Objection; the new evidence substantiates a claim of a prosecutorial advantage by exploiting counsel as a source of information.

Doc. 51 at 13.

The Court has reviewed the R&R at 28-29 de novo on this claim and overrules this objection. Accordingly, the Court accepts and adopts the R&R on Claim 3.

> Claim 4: Objection; the Constitution was violated when counsel assisted the prosecution with respect to the same matter where he formerly assisted [Petitioner].

Doc. 51 at 13.

The Court has reviewed the R&R at 29-32 de novo on this claim and overrules this objection. Accordingly, the Court accepts and adopts the R&R on Claim 4.

> Claim 5: Objection: a Martinez IAC claim on a Brady violation.

Doc. 51 at 13.

First, the Court finds that this sentence fragment is insufficient to raise a legal or factual objection to the R&R. Second, nonetheless, the Court has reviewed the R&R at 32-33 de novo on this claim and overrules this "objection." Accordingly, the Court accepts and adopts the R&R on Claim 5.

> <u>Claim Nine</u>: Objection; A Martinez claim of Appellate IAC; Findings of Fact and Conclusions of law in Valverde's disbarment Order makes the Claim plausible.

Doc. 51 at 14.

This Court has already addressed and denied relief on Petitioner's claims of ineffective assistance of appellate counsel in section 1 above. To the extent Petitioner intends to argue a different theory of ineffective assistance of appellate counsel by this single sentence fragment, the Court has reviewed the R&R at 37-38 as to Claim 9 de novo. The Court overrules this objection and accepts and adopts the R&R on Claim 9.

> <u>Claim Ten</u>: Appellate IAC; PCR IAC if Urbano assisted the prosecution before trial while still counsel. Objection.

Doc. 51 at 14.

The Court has reviewed the R&R at 38-39 de novo on this claim and overrules this objection. Accordingly, the Court accepts and adopts the R&R on Claim 10.

> <u>Claim Eleven</u>: Objection; Insufficient evidence to convict under <u>Skilling</u> and <u>McNally</u>.

Doc. 51 at 14.

The Court has reviewed the R&R at 40-41 de novo on this claim and overrules this objection. Accordingly, the Court accepts and adopts the R&R on Claim 11.

> <u>Claim Twelve</u>: Objection; Petitioner did bring clear and convincing evidence contrary to the appellate Court's finding.

Doc. 51 at 14.

The Court has reviewed the R&R at 41-42 de novo on this claim and overrules this objection. Accordingly, the Court accepts and adopts the R&R on Claim 12.

**C.     Other filings**

On April 8, 2015, the Court ordered that Petitioner could file only objections in response to the R&R and not unlimited, various filings.  The Court received an undated filing on April 10, 2015 (Doc. 50), which the Court assumes was mailed before Petitioner received the April 8, 2015 Order.  Consistent with the April 8 Order, the April 10 filing will be stricken.

On April 22, 2015, the Court received Petitioner objections in compliance with the April 8, 2015 Order.  Those objections have been addressed above.

On April 27, 2015, in direct violation of the April 8, 2015 Order, the Court received a motion for stay and abeyance (Doc. 52).  The Court will not consider the motion for two reasons.  First, the Court was clear in the April 8, 2015 order that Petitioner was required to raise all of his objections and arguments in a single document.

Second, the motion itself highlights the reason behind the April 8, 2015 Order.  Specifically, in his objections, Petitioner states, "[Petitioner] is not required to return to state court to present New Evidence: 32.1(e); because Martinez is not a claim for relief.  Moreover, the new allegations don't fundamentally alter the claim; the new allegations just prove the habeas claim already presented."  Doc. 51 at 13.  In his subsequently filed motion, Petitioner takes the exact opposite position stating, "The newly-discovered evidence of [advisory counsel/sentencing counsel]'s admissions under oath of violating Defendant's Constitutional rights affords [Petitioner] the right to return to State Court to litigate a new due process violation claim under [A]rizona law: see Ariz R. Crim P. 32.1(e)."  Doc. 52 at 1.

The Court will not undertake to read multiple documents to determine what Petitioner is arguing.  Further, the Court will not attempt to guess, when those documents are absolutely inconsistent, which argument Petitioner is advancing.  Instead, as the Court advised Petitioner in the April 8, 2015 Order, the Court will consider only the objections to the R&R.

- 9 -

**D.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 43) is accepted.  The objections are overruled (Doc. 51).  The Amended Petition (Doc. 16) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, for the reasons stated in this Court's Order of April 8, 2015, the Motion for Supplementation (Doc. 50) is stricken.

**IT IS FURTHER ORDERED** that the Motion for Stay and Abeyance (Doc. 52) is also stricken.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

Dated this 19th day of May, 2015.

James A. Teilborg
Senior United States District Judge